UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

U.S. EQUAL EMPLOYMENT            :
OPPORTUNITY                      :        Civil Action No. 20-cv-1601
COMMISSION,                      :        ECF CASE
                                 :
                                 :        **COMPLAINT**
                                 :
                      Plaintiff, :        **JURY TRIAL DEMANDED**
                                 :
                                 :
            v.                   :
                                 :
                                 :
ICON BURGER ACQUISITION, LLC d/b/a :
SMASHBURGER,                     :
                                 :
                     Defendant.  :

---------------------------------------------------------x


NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to an individual who was adversely affected by such practices ("Aggrieved Individual"). As alleged with greater particularity in paragraph 14 below, Defendant Icon Burger Acquisition, LLC d/b/a Smashburger subjected the Aggrieved Individual to harassment because of his race.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been doing business in the State of New York, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

ADMINISTRATIVE PROCEDURES

6.      More than thirty days prior to the institution of this lawsuit, the Aggrieved Individual filed EEOC Charge No. 520-2019-02871 with the Commission alleging violations of Title VII by Defendant.

7.      The Commission investigated the charge.

8.      On October 31, 2019, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated of Title VII by subjecting the Aggrieved Individual to a hostile work environment because of his race.

9.      The Commission invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10.   The Commission engaged in communications with Defendant to provide

Defendant the opportunity to remedy the discriminatory practices described in the Letter of

Determination.

11.   The Commission was unable to secure from Defendant a conciliation agreement

acceptable to the Commission.

12.   On January 22, 2020, the Commission issued to Defendant a Notice of Failure of

Conciliation.

13.   All conditions precedent to the institution of this lawsuit have been fulfilled.

<u>STATEMENT OF CLAIMS</u>

14.   Beginning on or about April 2018, Defendant has engaged in unlawful

employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000(e)-2, when it

subjected the Aggrieved Individual to a hostile work environment because of his race.

Specifically:

(a) The Aggrieved Individual, who is African-American, has worked for

Defendant in its Hicksville restaurant since 2014.

(b) On or about April 9, 2018, Defendant hired Maria Yelanevitch as the General

Manager of the Hicksville restaurant;

(c) Soon after she was hired Yelanevitch began to subject the Aggrieved

Individual to abusive treatment on a regular basis.

(d) In addition to yelling at the Aggrieved Individual frequently, calling him an

idiot, and being overly critical of his performance, Yelanevitch frequently referred to him

using racial slurs. Yelanevitch frequently called the Aggrieved Individual as

"chimpanzee" or "monkey" and say things like "you look like a monkey with your big

nose." Yelanevitch also repeatedly used the word "nigger" in the workplace, sometimes directed at the Aggrieved Individual.

(e) Yelanevitch also repeatedly used racial slurs to say negative things about the Aggrieved Individual to his girlfriend, who is white and also worked at the Hicksville restaurant. For example, Yelanevitch often refered to him as a "chimpanzee" in conversations or asked her things like "how can you be with him when he looks like a monkey?"

(f) Yelanevitch engaged in these behaviors frequently for the approximately ten months that she worked with the Aggrieved Individual.

(g) The Aggrieved Individual objected to this behavior by reporting it to Defendant's District Manager, on more than one occasion, but the reports were never taken seriously and Yelanevitch's behavior towards the Aggrieved Individual was not corrected.

(h) Due, in part to her animus, Yelanevitch succeeded in getting the Aggrieved Individual transferred to another Smashburger location that was much farther from his home.

15.     The effect of the practices complained of in paragraph 14 above has been to deprive the Aggrieved Individual of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race.

16.     The unlawful employment practices complained of in paragraph 14 above were intentional.

17.     The unlawful employment practices complained of in paragraph 14 above have been done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individual.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination or harassment on the basis of race.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for black employees and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make the Aggrieved Individual whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 14 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

D.     Order Defendant to make the Aggrieved Individual whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraphs 14 above, in amounts to be determined at trial.

E.     Order Defendant to pay the Aggrieved Individual punitive damages for its malicious and reckless conduct, as described in paragraph 14 above, in amounts to be determined at trial.

F.      Grant such further relief as the Court deems necessary and proper in the public

interest.

G.      Award the Commission its costs of this action.


## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: March _ 2020
       New York, New York

> Sharon Fast Gustafson
> General Counsel
>
> Jams L. Lee
> Deputy General Counsel
>
> Gwendolyn Reams
> Associate General Counsel
>
> EQUAL EMPLOYMENT OPPORTUNITY
> COMMISSION
> 131 M Street, N.E.
> Washington D.C. 20507
>
>
> Jeffrey Burstein
> Regional Attorney
>
> Nora Curtin
> Supervisory Trial Attorney
>
>
> /s/ Sebastian Riccardi
> _____
> Sebastian Riccardi
> Trial Attorney
>
> EQUAL EMPLOYMENT OPPORTUNITY
> COMMISSION
> New York District Office
> 33 Whitehall Street, 5th Floor

New York, NY 10004-2112
Telephone: (929) 506-5340
Facsimile: (212) 336-3623