IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> ICON BURGER ACQUISITION, LLC d/b/a SMASHBURGER, <br><br> Defendant. | No. 20 Civ. 1601 (JS) (ARL) |

# CONSENT DECREE

On March 30, 2020, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") brought this action against Defendant Icon Burger Acquisition, LLC d/b/a Smashburger ("Smashburger") under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 alleging unlawful employment practices on the basis of race and seeking appropriate relief for Defendant's employee, Wayne Nicholson, who was affected by such unlawful practices (the "Litigation"). EEOC alleged in its Complaint that Defendant discriminated against Nicholson on the basis of his race by subjecting him to racial slurs, transferring him due to racial animus, and failing to properly respond to his complaints of race discrimination. Defendant filed an Answer denying the material allegations of the Complaint.

In consideration of the mutual promises of each Party to this Consent Decree (the "Decree"), the sufficiency of which is hereby acknowledged, it is agreed and IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1

**PART I    GENERAL PROVISIONS**

**Section 101    Purpose of this Decree**

A. EEOC and Defendant (collectively, the "Parties") desire to settle this action, and therefore do hereby stipulate and consent to entry of this Decree as final and binding between the Parties, including Defendant's successors, assigns, subsidiaries, and any other entity with which Defendant may merge or consolidate.

B. The Decree resolves all claims asserted in EEOC's Complaint and the underlying EEOC Charge of Discrimination No. 520-2019-02871, which served as the statutory precondition to filing suit. This Decree in no way affects EEOC's right to process any pending or future charges that may have been or will be filed against Defendant, or to commence civil actions on any such charges.

C. EEOC and Defendant agree that this Court has jurisdiction over the subject matter of the Litigation and the Parties, that venue is proper, and that all administrative prerequisites have been met. No Party will contest the validity of this Decree or the jurisdiction of the federal district court to enforce this Decree and its terms.

D. The terms of this Decree represent the full and complete agreement of the Parties. The Parties agree that this Decree may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court.

E. Nothing in this Decree will be construed to limit or in any way reduce Defendant's obligation to comply with the statutes enforced by EEOC.

**Section 102    Definitions**

A. **Days.** All time periods counted in days refer to calendar days, not business days.

B.  **Effective Date.**  The "Effective Date" is the date this Decree is docketed by the clerk of court after it is signed by and/or so ordered by the Court.

**Section 103   Term of the Decree**

The Decree will remain in effect for a period of three (3) years from the Effective Date ("Term").  The Decree will not expire against any signatory while any enforcement action is pending against that signatory.

**Section 104   Applicability of Decree to Successors and Assigns or Upon Purchase, Merger or Consolidation**

A.  The terms of this Decree are and shall be binding on the present and future employees, agents, successors, and assigns of Defendant.

B.  Before Defendant engages in any transfer of its business or its assets, it shall provide written notice of this lawsuit and a copy of the Complaint and this Decree to any potential purchaser of its business or assets, and to any potential successors, assigns, or affiliates, including any entity with which Defendant may merge or consolidate.  Defendant will provide written notice to EEOC twenty-one (21) days before any sale or transfer of its business or assets, or a transfer of substantially all of its business or assets, and the EEOC agrees that any such notice shall be kept confidential within EEOC.

**Section 105   Amendments to this Decree**

By mutual consent of the Parties, this Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved by all Parties to this Decree, and approved or ordered by the Court.

**Section 106   Severability**

If one or more provisions of this Decree are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply to ensure that this Decree continues to effectuate the intent of the Parties.  The provisions of this Decree which are not rendered unlawful, unenforceable, or incapable of performance as a result of such legislative act or court decision will remain in full force and effect and the Parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of the Parties as expressed in this Decree would be undermined.

**Section 107   Breach of Decree**

A breach of any term of this Decree by Defendant will be deemed a material and substantive breach of this Decree.  Nothing in this Decree will be construed to preclude EEOC from bringing proceedings to enforce this Decree if Defendant fails to perform any of the terms contained herein. This Decree will be construed by this Court under applicable federal law.

**Section 108   Notices**

Except as otherwise provided for in this Decree, all notifications, reports, and communications to the Parties required under this Decree will be made in writing and will be sufficient as emailed, hand-delivered, or sent by certified, registered, or overnight mail to the following persons (or their designated successors):

    For EEOC:                Liane Tai Rice
                                    Trial Attorney
                                    U.S. Equal Employment Opportunity Commission
                                    33 Whitehall St., 5th Floor
                                    New York, NY 10004
                                    Email: liane.rice@eeoc.gov

                                    and to decreemonitor.nydo@eeoc.gov

> For Defendant: Peter T. Shapiro
> Lewis Brisbois Bisgaard & Smith LLP
> 77 Water Street
> New York, NY 10005
> Email: peter.shapiro@lewisbrisbois.com
>
> and copies to:
>
> Icon Burger Acquisition LLC
> 3900 East Mexico Ave., Suite 1200
> Denver, CO 80210
> ATTN: Legal Department
> Email: legal@smashburger.com
>
> Icon Burger Acquisition LLC
> 3900 East Mexico Ave., Suite 1200
> Denver, CO 80210
> ATTN: Human Resources
> Email: HR@smashburger.com

Any Party may change such addresses by written notice to the other Parties setting forth a new address for this purpose.

## PART II    INJUNCTIVE RELIEF

### Section 201    Injunctions

A. Defendant, its managers, officers, agents, and any other person or entity acting on behalf of Defendant, are hereby enjoined from discriminating against any employee because of that employee's race by:

> 1. Creating a hostile work environment based on race, including by permitting or tolerating the use of racial slurs, insults, and/or stereotypes in the workplace; or

5

2. Treating employees less favorably in the terms and conditions of employment on the basis of race, including by making work assignments based on race.

B. Defendant, its managers, officers, agents and any other person or entity acting on behalf of Defendant, are hereby enjoined from retaliating against any employee, including former employees, for asserting his or her rights under Title VII of the Civil Rights Act of 1964 or otherwise engaging in protected activity, including by:

1. Retaliating against Nicholson or any employee who complains of discrimination, opposes practices he or she considers to be unlawfully discriminatory, files a charge of discrimination, complains about or reports discrimination or retaliation, or provides testimony or assistance with a complaint of discrimination or retaliation.

**Section 202    Non-Discrimination Policy and Complaint Procedure**

A. Within seven (7) days of the Effective Date, Defendant will revise its current anti-discrimination policies and complaint procedures by adopting those attached as Exhibit A (the "Policies and Procedures"), setting forth Defendant's commitment to equal opportunity in all aspects of employment and, at a minimum, containing the following:

1. A definition describing discrimination in a manner consistent with the requirements of Title VII, including but not limited to a specific reference to maintaining a workplace that is free of racial slurs and bias;

2. A clear, unambiguous prohibition of discrimination and harassment against employees, job applicants, or prospective job applicants because of race, including a statement that such conduct violates the law and company policy;

3. A clear, unambiguous prohibition of retaliation against employees, job applicants, or prospective job applicants who report suspected discrimination, oppose practices they consider to be unlawfully

discriminatory, or provide information related to complaints of discrimination;

4. Examples of prohibited discrimination and retaliation, including racial slurs and bias;

5. A statement that all employees, regardless of level, are responsible for implementing the policy and for cooperating fully in its enforcement;

6. An explanation that the policy applies to discriminatory and retaliatory conduct by management, co-workers, vendors, and customers;

7. A clearly described complaint process that provides accessible avenues of complaint with a number of choices of individuals to whom discrimination and retaliation complaints can be made, including persons outside the employee's chain of command;

8. A statement that reports of discrimination and investigations of those reports will be kept confidential unless disclosure is required for investigation or by law;

9. A statement that all reports will be investigated promptly and impartially by human resources or in-house or outside counsel as determined by Defendant;

10. A description of the investigation procedure, including general estimated timeframes for the completion of investigations;

11. A statement that the complainant will be notified when the investigation is complete and informed that the investigation was conducted and that appropriate corrective action was taken as a result of the investigation if the investigation confirmed that taking any such action was called for;

12. A statement warning that employees who engage in, ratify, or perpetuate discrimination will be subject to disciplinary action, up to and including immediate discharge; and

13. A statement that employees and applicants have a right to report practices that they believe to be unlawful discrimination to government agencies, including the EEOC, which is the agency of the United States Government that enforces federal laws prohibiting employment discrimination and investigates reports of such discrimination.

B.　　Within thirty (30) days of the Effective Date, Defendant will issue its revised Policies and Procedures (Exhibit A) to all employees.   Defendant will provide its Policies and Procedures to all new employees within seven (7) days of hire.

C.　　Within thirty (30) days of the Effective Date, Defendant will include its Policies and Procedures in its Employee Handbook and will make this document available on any company website that makes other human resources information or policies available to employees.

D.　　Within thirty (30) days of the Effective Date, Defendant will revise its current discrimination and retaliation investigation procedures by adopting the procedures attached as Exhibit B (the "Investigation Procedures"), setting forth Defendant's policies and practices for the investigation of complaints of discrimination and retaliation, and, at a minimum, containing the following:

1.　　A reference to the Policies and Procedures and a statement that it is the duty of all supervisors, management, and human resources personnel to follow the Policies and Procedures, and that discriminatory or retaliatory conduct will not be tolerated;

2.　　A statement that it is the duty of all supervisors and management who receive a complaint of discrimination or retaliation to report the complaint to human resources;

3.　　A requirement that a copy of the Investigation Procedures be provided to any employee, job applicant, or prospective job applicant who makes a complaint of discrimination or retaliation;

4.　　A statement that it is the duty of all supervisors and management to monitor the workplace for discrimination and retaliation, and that if they suspect that such conduct has taken place, even if the discrimination originates from an outside vendor or customer, it is their duty to report that conduct to human resources;

5.　　A requirement that all investigations be as prompt as possible, thorough, and neutral;

6. A description of the investigation procedure, including that human resources will:

   a. Interview the complainant(s) and, to the extent possible, the alleged bad actor(s);

   b. Request that the complainant(s) identify any witnesses to the alleged misconduct;

   c. Interview identified witnesses to the extent they are still employed by Defendant or are otherwise available for such an interview, including by asking them whether they observed the specific conduct and/or comments complained of and whether they observed any similar conduct; and

   d. Collect and review documents or other evidence identified by the complainant(s), to the extent such materials are within Defendant's custody or control;

7. A requirement that supervisors, management, and human resources protect the confidentiality of any report of discrimination or retaliation and, to the extent a report must be disclosed, they will instruct persons informed of the report that the report must remain confidential and that retaliation is illegal and will not be tolerated;

8. A requirement that the investigation be documented in written form, including documentation of witness statements;

9. A statement that the complainant will be informed, in writing, of the results of the completed investigation and any action taken as a result of the investigation; and

10. A requirement of prompt and appropriate corrective action when Defendant determines that discrimination or retaliation has occurred.

E. Within thirty (30) days of the Effective Date, Defendant will issue its revised Investigation Procedures (Exhibit B) to all supervisors, management, and human resources employees. Defendant will make the Investigation Procedures available where other policies are made available to supervisors, management, and human resources employees. Defendant will provide its Investigation Procedures to all new supervisors, management, and human resources employees within seven (7) days of hire or promotion.

9

F. References in this Decree to the Policies and Procedures and to the Investigation Procedures are not a representation by EEOC that Defendant has been or currently is in compliance with federal anti-discrimination laws.

**Section 203 Training**

A. Within one hundred and twenty (120) days of the Effective Date and then on an annual basis throughout the Term, Defendant will provide all of its employees in New York with no less than one (1) hour of training that addresses discrimination and retaliation focusing on federal laws prohibiting employment discrimination, including but not limited to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Equal Pay Act, and the Genetic Information Nondiscrimination Act. Defendant will provide this training to new employees hired in New York within thirty (30) days of their hire in person or by viewing a video. The training will have interactive components, as well as an explanation given at the end about how to pose questions to a HR Department employee. The training will emphasize Title VII's prohibitions on race discrimination and will cover, at a minimum:

1. Each of the provisions of the Policies and Procedures listed in Section 202(A); and

2. Guidelines for effective bystander intervention, including in a scenario involving racial slurs.

B. Within one hundred and twenty (120) days of the Effective Date and then on an annual basis throughout the Term, Defendant will provide all of its supervisors, management, and human resources employees with no less than one (1) hour of training in federal laws prohibiting employment discrimination, in addition to the training required by Section 203(A).

Defendant will provide this training to new supervisors, management, and human resources employees within thirty (30) days of their hire or promotion, to be conducted live or by viewing a video. The training will have interactive components with an explanation given at the end about how to pose questions to a HR Department employee. The training will emphasize Title VII's prohibitions on race discrimination and cover, at a minimum:

1. The role of supervisors, management and human resources in creating a workplace that is free from discrimination and retaliation;

2. Each of the provisions of the Investigation Procedures listed in Section 202(D);

3. A scenario illustrating the requirement that supervisors and management monitor the workplace for and report suspected discrimination and retaliation to human resources; and

4. A scenario illustrating an interview of a witness during an investigation of discrimination, including asking the witness whether they observed the specific conduct and/or comments complained of and whether they observed any similar conduct.

C. The trainings required by this Section may be conducted in person or by live or pre-recorded interactive webcast with an opportunity to contact the HR Department with questions. Defendant will provide the same training for newly hired or promoted employees within thirty (30) days of their hire or promotion, and that training may be live or pre-recorded with an opportunity to contact the HR Department with questions. All trainings (including interactive components and Q&A periods) and training materials will be offered in English, and also in Spanish for employees below the managerial level. Each training, including trainings of

new hires, will be memorialized with an attendance sheet stating the date, time, location, format of the training, and name and title of each attendee. The attendance sheets for in-person and pre-recorded trainings will be signed by each attendee; the attendance sheets for webcast trainings will include Defendant's signed certification that each attendee's presence was confirmed at the beginning and at the end of the webcast.

  D. The training programs required by this Section will be conducted by a third-party entity, Traliant. Defendant has provided to EEOC prior to the finalization of this Decree the identification of the training entity Traliant and curriculum vitae of the HR Department employees designated to respond to questions following the trainings, as described in this Section. No later than ninety (90) days after the Effective Date, Defendant will provide the training agendas and training materials created by Traliant for EEOC to review for compliance with Section 203 of the Decree. At least fourteen (14) days prior to any scheduled training under this Section, Defendant will provide EEOC with copies of any revisions to the training agendas or training materials, the curriculum vitae of any HR Department employee newly designated to respond to questions following the trainings, and will provide information as to any company replacing Traliant as trainer if such a change is made.

  E. Reference to trainings in this Decree is not a representation by EEOC that Defendant has been or currently is in compliance with federal anti-discrimination laws.

**Section 204 Notice of Resolution**

Within seven (7) days of the Effective Date, Defendant will conspicuously post and maintain a "Notice of Lawsuit and Resolution," attached as Exhibit C, in a prominent place

where employee notices are posted, in all New York stores. This Notice will remain posted for the Term of the Decree.

**Section 205     Provision of Notice and Letter to Employees**

Within seven (7) days of the Effective Date, Defendant will provide to all New York employees a copy of the Notice of Resolution (Exhibit C) and a Letter, attached as Exhibit D, affirming Defendant's commitment to maintaining a workplace free of discrimination and retaliation. Defendant will provide the Notice of Resolution (Exhibit C) and Letter (Exhibit D) to all new New York employees within seven (7) days of hire.

**Section 206     EEO Posters**

Defendant will post and maintain EEO posters in places visually accessible to job applicants and employees as required by federal regulations.

**Section 207     Monitoring and Reporting**

A.     EEOC may monitor Defendant's compliance with the Decree through inspection of Defendant's premises and records, and interviews with employees upon reasonable notice, unless EEOC determines that there is a threat of immediate harm to the public interest. Defendant will make available for inspection and copying any records related to this Decree upon request by EEOC.

B.     Within forty-five (45) days of the Effective Date, Defendant will provide to EEOC its written certification that Defendant has complied with Section 202 (Non-Discrimination Policy and Complaint Procedure), Section 204 (Notice of Resolution), Section 205 (Provision of Notice and Letter to Employees), and Section 206 (EEO Posters) of the Decree. To the extent the written certification is not made on personal knowledge, it will include the names, titles, and locations of employees with personal knowledge of compliance.

C. Within one hundred and fifty (150) days of the Effective Date, Defendant will provide EEOC with written certification by a person with personal knowledge that Defendant has complied with Section 203 (Training) of the Decree and will provide copies of the signed attendance lists described in that section. Defendant will identify, by full name, title, and location, any individual who did not receive training as required by Section 203.

D. Every six (6) months following the Effective Date, Defendant will provide EEOC with written certification that Defendant has continued to comply with Section 202 (Non-Discrimination Policy and Complaint Procedure), Section 203 (Training), Section 204 (Notice of Resolution), Section 205 (Provision of Notice and Letter to Employees), and Section 206 (EEO Posters) of the Decree. To the extent the written certification is not made on personal knowledge, it will include the names, titles, and locations of employees with personal knowledge of compliance. In addition, Defendant will provide copies of the signed attendance lists described in Section 203 for all trainings not previously disclosed to EEOC. Defendant will identify, by full name and title, any individual who did not receive training as required by Section 203.

E. Every six (6) months following the Effective Date, Defendant will provide a written report to EEOC identifying any verbal or written complaints of race discrimination or retaliation for reporting or opposing race discrimination, received by Defendant from employees, job applicants, or prospective job applicants, and which were received, pending or closed during the prior six months. The report will include (1) the full name, job title, and job location of the complainant, (2) the full name, job title, and job location, if applicable, of the alleged harasser(s) or discriminator(s), (3) the date of the complaint, (4) a description of the complaint, (5) a description of the steps taken by Defendant to investigate the complaint, and (6) the findings of

the investigation and any remedial action taken by Defendant, including the identification, by full name and job title, of all decisionmakers.

**Section 208    Record Retention**

A. Defendant will maintain such records as are necessary to demonstrate its compliance with the Decree and 29 C.F.R. § 1602 *et seq.*, and to verify that the certifications submitted pursuant to the Decree are accurate.

B. For the Term and for three (3) years following the Term, Defendant will maintain the records for those verbal or written complaints identified as part of Section 207(E).

**PART III    MONETARY RELIEF**

**Section 301    Monetary Relief to Claimant**

A. Within fourteen (14) days of the Effective Date, Defendant will pay the total gross sum of seventy thousand dollars ($70,000.00) to Nicholson (the "Payments"). The Payments will be sent by mail with tracking and signature required, to Nicholson at the address to be provided by EEOC within five (5) days of the Effective Date.

B. Sixty-nine thousand nine hundred and forty dollars ($69,940.00) is designated as compensatory damages for emotional distress and non-medical out-of-pocket losses. Defendant will send Nicholson a check for this amount and, no later than January 2021, IRS Form 1099.

C. Sixty dollars ($60.00) is designated as out-of-pocket medical expenses. Defendant will send Nicholson a check for this amount.

D. Defendant shall forward copies of the Payments checks and IRS Form 1099 to EEOC at the time they are issued to Nicholson.

# PART IV   MISCELLANEOUS PROVISIONS

**Section 401   Signatures**

Each signatory to this Decree represents that (s)he is fully authorized to execute this Decree and to bind the parties on whose behalf (s)he signs. All signed certifications required by this Decree must be signed by Defendant's authorized representative(s).

**Section 402   Expenses, Attorneys' Fees, and Costs**

Each Party shall bear its own expenses, attorneys' fees, and costs.

**Section 403   Enforcement of Decree**

A.   If EEOC has notified Defendant in writing not less than fifteen (15) days in advance of the expiration of this Decree that in the EEOC's opinion, Defendant is not in material compliance with any sections of this Decree, Defendant's obligations under this Decree will remain in effect until EEOC or the Court determines that Defendant is in compliance.

B.   The Court will retain jurisdiction over this action for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein. Upon signature and approval by the Court, the matter may be administratively closed but will not be dismissed.

APPROVED IN FORM AND CONTENT:

For Plaintiff EEOC:

*/s/ Jeffrey Burstein*
Jeffrey Burstein
Regional Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York, 10004

For Defendant

                         */s/ Peter T. Shapiro*
                         Peter T. Shapiro
                         LEWIS BRISBOIS BISGAARD & SMITH LLP
                         77 Water Street
                         New York, New York, 10005

**SO ORDERED, ADJUDGED AND DECREED** this _____ day of _____, 2020.


_____
Hon. Joanna Seybert
United States District Judge